UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CALAMAR ENTERPRISES, INC.,

              Plaintiff,                           **NOTICE OF REMOVAL**

              v.                                 Civil Action No.: _____

BLUE FOREST LAND GROUP, LLC and
TIMOTHY LOCHER,

              Defendants.

_____

         PLEASE TAKE NOTICE that, pursuant to provisions of Sections 1441 and 1446 of Title 28 of the United States Code, Defendants Blue Forest Land Group, LLC and Timothy Locher (collectively "Defendants"), by their attorneys Phillips Lytle LLP, remove this action, alleging upon information and belief:

         1.      Blue Forest Land Group and Timothy Locher are the defendants in the civil action brought on July 21, 2016, in the Supreme Court of the County of Niagara of New York in which the action is pending.

         2.      The grounds for removal of this action are:

              a.      On July 21, 2016, Calamar Enterprises, Inc. ("Calamar") filed a Summons and Verified Complaint in the Supreme Court of the County of Niagara of New York, E159152/2016.

              b.      There is complete diversity of citizenship between the plaintiff and defendants in this action because:

i.      Plaintiff Calamar is a corporation that is

organized and incorporated under the laws of the state of New

York, with its principal place of business in North Tonawanda New

York.

ii.      Defendant Blue Forest Land Group, LLC

("Blue Forest") is a limited liability company that is organized under

the laws of the state of Kansas, with its principal place of business in

Prairie Village, Kansas.

iii.      Defendant Timothy Locher is an individual

that is a citizen of the state of Indiana, who lives and resides in that

state.

iv.      Timothy Locher is the sole member of Blue

Forest.

c.      More than $75,000, exclusive of interest and costs, is in

controversy in this action; therefore, the Court's jurisdictional amount in controversy is

established.  The Supreme Court of the United States noted in 1977 that "[i]n actions

seeking declaratory . . . relief, it is well established that the amount in controversy is

measured by the value of the object of litigation." *Hunt v. Washington State Apple Advert.*

*Com'n*, 432 U.S. 333, 347 (1977) (analyzing the former jurisdictional requirement under 28

U.S.C. § 1331).  In this case, Calamar pled a cause of action for declaratory judgment

seeking a determination of whether it owed Blue Forest $248,505.23 under seven consulting

services agreements.  *See* Ex. A., Compl. at ¶¶ 4, 32 & 34.  The amount in controversy in

this case, which is the amount that Calamar alleges it could lose by virtue of an adverse

decision, is at a very minimum, $248,505.23, which is "the value of the consequences which

may result from the litigation." *Beacon Const. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d

Cir. 1975); *see also Gibbs v. E.I. DuPont De Nemours & Co.*, 876 F. Supp. 475, 479 (W.D.N.Y.

1995) (in a suit for injunctive or declaratory relief, the amount in controversy is measured by

the value of the object of the litigation.") (citing *Hunt*, 432 U.S. 346-47).  Although the

$248,505.23 in controversy is comprised of the amounts owed by Calamar under seven

separate contracts, there is no reasonable argument that the amount in controversy is not

met, as under Second Circuit law, the value of multiple claims can and should be aggregated

to reach the $75,000 jurisdictional threshold.  *See Wolde-Meskel v. Vocational Instruction Project*

*Cmty. Serv., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) (noting that "aggregation is governed by

Fed.R.Civ.P. 18") (quoting 14B Charles Alan Wright *et al.*, *Federal Practice and Procedure* §

3704, at 130 (3d ed. 1998) (". . .  the value of all the claims can be added together--

aggregated--in determining whether the requisite jurisdictional amount in controversy has

been satisfied.").

       3.     Because diversity of citizenship and the requisite amount in

controversy are each established in this case, this Court would have had original subject

matter jurisdiction of this action under the provisions of 28 U.S.C. § 1332 if the action had

originally been brought in federal court. Removal is, therefore, proper under 28 U.S.C. §

1441(a).

       4.     Removal of this case on the basis of diversity of citizenship is not

precluded by the provisions of Section 1441(b) of Title 28 of the United States Code because

none of the parties in interest properly joined and served as a defendant is a citizen of the

State of New York, the State in which this action was brought.

        5.      This Notice of Removal is timely under Section 1446(b) of Title 28 of

the United States Code because the Plaintiff's summons and complaint in this action were

served on Defendant Blue forest, at the earliest on July 25, 2016.  This Notice of Removal is

filed within 30 days of Blue Forest's receipt of Plaintiff's summons and complaint, and

within one year of the commencement of the action, so that it is timely filed under 28

U.S.C. § 1446(b).

        6.      In compliance with Local Rule 81, attached as Exhibit "A" is an index

identifying each document filed and/or served in the State Court action.  Attached as

Exhibit "B" is a copy of all state-court papers served on the defendant at the time of

removal, consisting only of Plaintiff's summons and complaint.

Dated:  Buffalo, New York
        August 23, 2016

PHILLIPS LYTLE LLP


By: /s/ Kevin J. English
      Kevin J. English
Attorneys for *Blue Forest Mountain Group,*
*LLC and Timothy Locher*
One Canalside
125 Main Street
Buffalo, New York  14203-2887
Telephone No. (716) 847-8400
kenglish@phillipslytle.com

TO:    William Savino, Esq.
       Woods Oviatt Gilman LLP
       1900 Main Place Tower
       350 Main Street
       Buffalo, NY  14202
       wsavino@woodsoviatt.com