UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CALAMAR ENTERPRISES, INC.,

        Plaintiff,

v.

BLUE FOREST LAND GROUP, LLC and
TIMOTHY LOCHER,

        Defendants.

---

Civil Action No.:
1:16-cv-00686

# DEFENDANT BLUE FOREST LAND GROUP, LLC'S
# ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Blue Forest Land Group, LLC ("Blue Forest"), by and through undersigned counsel, and files its Answer to Plaintiff's First Amended Complaint (the "Complaint"), stating and alleging as follows:

## ANSWER

1. Blue Forest admits that its dispute with Plaintiff Calamar Enterprises, Inc. ("Calamar") arises out of Calamar's breach of various consultant service agreements between Blue Forest and Calamar. Blue Forest denies that Defendant Timothy Locher ("Locher") is a party to any such agreement. Blue Forest denies the extent and remainder of Paragraph 1 of the Complaint.

2. Paragraph 2 of Plaintiff's Complaint is a statement to which no response is required. To the extent a response is required, Blue Forest denies the allegations in Paragraph 2 of the Complaint.

3. Blue Forest admits that it and Calamar entered into various consultant service agreements from 2012 to the present. Blue Forest denies the extent and remainder of Paragraph 3 of the Complaint.

4. Blue Forest denies the allegations in Paragraph 4 of the Complaint.

## THE PARTIES

5. Blue Forest admits the allegations of Paragraph 5 of the Complaint.

6. Blue Forest admits that it is a Kansas limited liability company in good standing, and that it provides real estate consulting services. Blue Forest denies the extent and remainder of Paragraph 6 of the Complaint.

7. Blue Forest admits that Locher is its Managing Principal. Blue Forest denies the extent and remainder of Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

7a. Blue Forest admits the allegations in the second Paragraph 7 of the Complaint.

8. Blue Forest admits the allegations in Paragraph 8 of the Complaint.

## FACTS

9. Blue Forest is without sufficient information to either admit or deny the allegations in Paragraph 9 of the Complaint.

10. Blue Forest is without sufficient information to either admit or deny the allegations in Paragraph 10 of the Complaint.

11. Blue Forest is without sufficient information to either admit or deny the allegations in Paragraph 11 of the Complaint.

12. Blue Forest is without sufficient information to either admit or deny the allegations in Paragraph 12 of the Complaint.

13. Blue Forest is without sufficient information to either admit or deny the allegations in Paragraph 13 of the Complaint.

14. Blue Forest denies the allegations in Paragraph 14 of the Complaint.

15. Blue Forest denies the allegations in Paragraph 15 of the Complaint.

16. Blue Forest admits that it and Calamar entered into various consultant service agreements from 2012 to the present. Blue Forest denies the extent and remainder of Paragraph 16 of the Complaint.

17. Blue Forest denies the allegations in Paragraph 17 of the Complaint.

18. Blue Forest denies the allegations in Paragraph 18 of the Complaint.

19. Blue Forest admits that it and Calamar entered into the Consultant Services Agreements attached to the Complaint as Exhibits A-N. Blue Forest denies the extent and remainder of Paragraph 19 of the Complaint.

20. Blue Forest denies the allegations in Paragraph 20 of the Complaint.

21. Blue Forest is without sufficient information to either admit or deny the allegations in Paragraph 21 of the Complaint.

22. Blue Forest denies the allegations in Paragraph 22 of the Complaint.

23. Blue Forest denies the allegations in Paragraph 23 of the Complaint.

24. Blue Forest denies the allegations in Paragraph 24 of the Complaint.

25. Blue Forest denies the allegations in Paragraph 25 of the Complaint.

26. Blue Forest denies the allegations in Paragraph 26 of the Complaint.

27. Blue Forest denies the allegations in Paragraph 27 of the Complaint.

28. Blue Forest admits that Calamar issued Notices to Proceed on multiple sites, directing Blue Forest to perform additional work. Blue Forest denies the extent and remainder of Paragraph 28 of the Complaint.

29. Blue Forest admits that the issuance each Notice to Proceed entitled Blue Forest to immediate payment from Calamar. For its further answer, Blue Forest incorporates the allegations raised in its previously filed Counterclaim against Calamar. Blue Forest denies the extent and remainder of Paragraph 29 of the Complaint.

30. Blue Forest denies the allegations in Paragraph 30 of the Complaint.

31. Blue Forest denies the allegations in Paragraph 31 of the Complaint.

32. Blue Forest denies the allegations in Paragraph 32 of the Complaint.

33. Blue Forest denies the allegations in Paragraph 33 of the Complaint.

34. Blue Forest denies the allegations in Paragraph 34 of the Complaint.

35. Blue Forest denies the allegations in Paragraph 35 of the Complaint.

36. Blue Forest denies the allegations in Paragraph 36 of the Complaint.

37. Blue Forest denies the allegations in Paragraph 37 of the Complaint.

38. Blue Forest denies the allegations in Paragraph 38 of the Complaint.

39. Blue Forest is without sufficient information to either admit or deny the allegations of Paragraph 39 of the Complaint

40. Blue Forest is without sufficient information to either admit or deny the allegations of Paragraph 40 of the Complaint

41. Blue Forest is without sufficient information to either admit or deny the allegations of Paragraph 41 of the Complaint

42. Blue Forest is without sufficient information to either admit or deny the allegations of Paragraph 42 of the Complaint

43. Blue Forest is without sufficient information to either admit or deny the allegations of Paragraph 43 of the Complaint

44. Blue Forest denies the allegations in Paragraph 44 of the Complaint.

45. Blue Forest denies the allegations in Paragraph 45 of the Complaint.

46. Blue Forest denies the allegations in Paragraph 46 of the Complaint.

47. Blue Forest denies the allegations in Paragraph 47 of the Complaint.

48. Blue Forest denies the allegations in Paragraph 48 of the Complaint.

49. Blue Forest admits that Calamar issued a Notice to Proceed with respect to the Waukee, Iowa site. Blue Forest denies the extent and remainder of Paragraph 49 of the Complaint.

50. Blue Forest denies the allegations in Paragraph 50 of the Complaint.

51. Blue Forest denies the allegations in Paragraph 51 of the Complaint.

52. Blue Forest denies the allegations in Paragraph 52 of the Complaint.

53. Blue Forest denies the allegations in Paragraph 53 of the Complaint.

54. Blue Forest denies the allegations in Paragraph 54 of the Complaint.

55. Blue Forest denies the allegations in Paragraph 55 of the Complaint.

56. Blue Forest admits that Calamar issued a Notice to Proceed with respect to the Andover, Kansas site. Blue Forest denies the extent and remainder of Paragraph 56 of the Complaint.

57. Blue Forest denies the allegations in Paragraph 57 of the Complaint.

58. Blue Forest denies the allegations in Paragraph 58 of the Complaint.

59. Blue Forest denies the allegations in Paragraph 59 of the Complaint.

60. Blue Forest denies the allegations in Paragraph 60 of the Complaint.

61. Blue Forest denies the allegations in Paragraph 61 of the Complaint.

62. Blue Forest denies the allegations in Paragraph 62 of the Complaint.

63. Blue Forest denies the allegations in Paragraph 63 of the Complaint.

64. Blue Forest denies the allegations in Paragraph 64 of the Complaint.

65. Blue Forest denies the allegations in Paragraph 65 of the Complaint.

66. Blue Forest denies the allegations in Paragraph 66 of the Complaint.

67. Blue Forest denies the allegations in Paragraph 67 of the Complaint.

68. Blue Forest denies the allegations in Paragraph 68 of the Complaint.

69. Blue Forest denies the allegations in Paragraph 69 of the Complaint.

70. Blue Forest admits that Calamar issued a Notice to Proceed with respect to the West Des Moines, Iowa site.  Blue Forest denies the extent and remainder of Paragraph 70 of the Complaint.

71. Blue Forest is without sufficient information to either admit or deny the allegations of Paragraph 71 of the Complaint

72. Blue Forest denies the allegations in Paragraph 72 of the Complaint.

73. Blue Forest denies the allegations in Paragraph 73 of the Complaint.

74. Blue Forest denies the allegations in Paragraph 74 of the Complaint.

75. Blue Forest denies the allegations in Paragraph 75 of the Complaint.

76. Blue Forest denies the allegations in Paragraph 76 of the Complaint.

77. Blue Forest denies the allegations in Paragraph 77 of the Complaint.

78. Blue Forest denies the allegations in Paragraph 78 of the Complaint.

79. Blue Forest denies the allegations in Paragraph 79 of the Complaint.

FIRST CAUSE OF ACTION
(Declaratory Judgment Pursuant to Fed. R. Civ. P. 56 & 28 U.S.C. §2201)

80. Blue Forest incorporates its responses to the foregoing paragraphs herein as though set forth in full.

81. Blue Forest admits that it and Calamar entered into various consultant service agreements from 2012 to the present. Blue Forest denies the extent and remainder of Paragraph 81 of the Complaint.

82. Blue Forest admits that Calamar owes Blue Forest $361,648.73, plus interest under various consultant service agreements breached by Calamar, and that Blue Forest has made demand for the monies owed by Calamar. Blue Forest denies the extent and remainder of Paragraph 82 of the Complaint.

83. Blue Forest admits that, despite demand, Calamar has failed to pay what is owes under the parties' consultant service agreements. Blue Forest denies the extent and remainder of Paragraph 83 of the Complaint.

84. Blue Forest denies the allegations in Paragraph 84 of the Complaint.

85. Blue Forest denies the allegations in Paragraph 85 of the Complaint.

SECOND CAUSE OF ACTION
(Fraudulent Inducement)

86-92. The allegations in Paragraphs 86-92 of the Complaint are the subject of Blue Forest's contemporaneously-filed motion to dismiss, and therefore no response is required. To the extent a response to these allegations is required, Blue Forest denies the allegations of Paragraphs 86 through Paragraph 92 of the Complaint.

## THIRD CAUSE OF ACTION
(Breach of Contract)

93. Blue Forest incorporates its responses to the foregoing paragraphs herein as though set forth in full.

94. Blue Forest denies the allegations in Paragraph 94 of the Complaint.

95. Blue Forest denies the allegations in Paragraph 95 of the Complaint.

WHEREFORE, having responded in full to the allegations of First and Third Causes of Action in the Complaint, Blue Forest respectfully requests that the Court dismiss Plaintiff's claims with prejudice, such claims having no basis in fact or law, award Blue Forest its costs and expenses incurred in defending against Plaintiff's claims, and grant Blue Forest all such other relief to which the Court deems it justly entitled.

## **AFFIRMATIVE DEFENSES**

Having answered the allegations of Plaintiff's First Amended Complaint, Blue Forest asserts the following affirmative defenses and further response to the Complaint:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim for which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

6. Plaintiff's claims are barred, in whole or in part, by Plaintiff's prior material breaches of contract and Plaintiff's breach of its duty of good faith and fair dealing.

7. Plaintiff's claims are barred by Plaintiff's failure to plead and/or satisfy conditions precedent.

8. Plaintiff's claims are barred, in whole or in part, for failure to mitigate damages.

9. To the extent that Plaintiff has been damaged, which Blue Forest specifically denies, such damage is attributable to the conduct of Plaintiff.

10. Blue Forest reserves the right to assert additional affirmative defenses that may come to light through further discovery or further investigation of this matter.

WHEREFORE, having answered the allegations of the Complaint and having asserted additional affirmative defenses, Blue Forest respectfully requests that the Court dismiss Plaintiff's claims with prejudice, such claims having no basis in fact or law, award Blue Forest its costs and expenses incurred in defending against Plaintiff's claims, and grant Blue Forest all such other relief to which the Court deems it justly entitled.

Dated: Buffalo, New York
       October 6, 2016

PHILLIPS LYTLE LLP

By: /s/ Matthew R. Mazgaj
    Kevin J. English
    Matthew R. Mazgaj
Attorneys for *Blue Forest Mountain Group, LLC and Timothy Locher*
One Canalside
125 Main Street
Buffalo, New York  14203-2887
Telephone No. (716) 847-8400
kenglish@phillipslytle.com
mmazgaj@phillipslytle.com

Doc #01-2987068